TOWNSEND AND TOWNSEND AND CREW LLP
PAUL W. VAPNEK (State Bar No. 36576)
MARY L. SHAPIRO (State Bar No. 201199)
MARIE C. SEIBEL (State Bar No. 221014)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
JOSEPH CAMPBELL FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH CAMPBELL FOUNDATION, a Hawaii corporation,<br><br>Plaintiff,<br><br>v.<br><br>GRANT ANDERSON, a resident of Utah,<br><br>Defendant. | Civil Action No. C 07-2586 SI<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Date: November 2, 2007<br>Time: 9:00 a.m.<br>Courtroom.: 10, 19th Floor<br>Honorable Susan Illston |

**NOTICE OF MOTION**

TO DEFENDANT, Grant Anderson:

PLEASE TAKE NOTICE THAT on November 2, 2007 at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff will present its declaration by motion for default judgment and permanent injunction against Defendant. Fed. R. Civ. P. 55 (b), Plaintiff seeks entry of default judgment and permanent injunction against Defendant on terms set forth in the accompanying proposed Default Judgment and Permanent Injunction.

By declaration, Plaintiff will present proof of the following matters:

Defendant is not an infant or incompetent person or in military service or otherwise exempted under the Soldiers and Sailors' Relief Act of 1940, and Defendant has not appeared in this action; and

Plaintiff is entitled to judgment against Defendant on the claim pleaded in the Complaint, namely, that Defendant has infringed Plaintiff's copyrighted work in violation of 17 U.S.C. § 501 by manufacturing, importing, distributing, publicly displaying, offering for sale, and selling CDs that were copied or caused to be copied from Plaintiff's copyrighted work.

This application is based on this Notice and Motion, the Declaration of Mary L. Shapiro in Support of Plaintiff's Motion For Default Judgment And Permanent Injunction ("Shapiro Decl.") filed herewith, and the pleadings on file with the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND BRIEF STATEMENT OF FACTS

Plaintiff commenced this action on May 16, 2007 to address ongoing copyright infringement by Defendant, who was personally served with the Complaint and Summons on May 27, 2007. Shapiro Decl., ¶ 2. Plaintiff requested the Court Clerk's entry of Defendant's default, which the Court Clerk entered on August 15, 2007. Plaintiff now seeks to terminate this case with regard to Defendant with entry of a Default Judgment and Permanent Injunction. Although Plaintiff has incurred damages, Plaintiff does not seek to prove damages as part of the default judgment.

### II.   ARGUMENT

**A. The Court Should Enter Default Judgment On Liability And Grant Plaintiff's Request For A Permanent Injunction**

Fed. R. Civ. P. 55 (b)(2) provides in pertinent part:

> By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an

> account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). See also Thomson v. Wooster, 114 U.S. 104 (1885); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); Adriana Int'l. Corp. v. Luis & Co., 913 F.2d 1406, 1414 (9th Cir. 1990) (upon entry of a defendant's default, the allegations of a plaintiff's complaint are accepted as true, except as to damages).

Liability for copyright infringement requires ownership of a valid copyright in a work, and copying of such work. As set forth in the Complaint, Plaintiff owns the copyright for Joseph Campbell's works, which includes the audio and video versions of *Joseph Campbell™ James Joyce – Wings of Art* and the archival and underlying works that are the foundation for *Joseph Campbell™ James Joyce – Wings of Art* (collectively, the "Infringed Works"). Complaint, ¶ 8. Plaintiff has secured the exclusive rights and privileges in and to the copyrights in the Infringed Works and has received from the United States Copyright Office Registration No. PA-680-675, effective December 9, 1993. Id., ¶ 40. Defendant infringed Plaintiff's copyrighted Infringed Work in violation of 17 U.S.C. § 501 by manufacturing, importing, distributing, publicly displaying, offering for sale, and selling CDs that were copied or caused to be copied from the Infringed Work. Id., ¶ 42.

Because well-pleaded allegations of the complaint relating to liability are taken as true upon default, entry of default as to Defendant on August 15, 2007 conclusively established his liability in this action. Dundee Cement, 722 F.2d at 1323. Specifically, Defendant is liable for copyright infringement of Plaintiff's copyrighted work, in violation of 17 U.S.C. § 501.

All that remains for this Court to determine is the remedy to which Plaintiff is entitled. "A judgment by a default shall not be different in kind from or exceed an amount that prayed for in the demand for judgment." Fed.R.Civ.P. 54(c). Plaintiff seeks to terminate this case with the equitable remedy of a permanent injunction that contains prohibitory and mandatory terms. This relief is of the same kind as prayed for by Plaintiff in its Complaint. Indeed, the proposed Default Judgment and

Permanent Injunction submitted by Plaintiff uses similar prohibitory and mandatory language as found in the prayer for relief in the Complaint. Therefore, the grant of a permanent injunction on terms requested in the proposed Default Judgment and Permanent Injunction is entirely consistent with Rule 54(c).

The Copyright Act and Lanham Act provide for the specific relief prayed for by Plaintiff in the Complaint and incorporated in the proposed Default Judgment and Permanent Injunction. 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."); 15 U.S.C. § 1116 ("courts…shall have the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable"); Electra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393-395 (C.D. Cal. 2005) (in copyright case, district court granted injunction, statutory damages, and costs of suit when these matters were pleaded in complaint).

Defendant is not an infant or incompetent person or in military service or otherwise exempted under the Soldiers and Sailors' Relief Act of 1940. Shapiro Decl., ¶ 3. Defendant has not appeared in this action and therefore is not entitled to the three (3) days notice under Rule 55(b) of the Federal Rules of Civil Procedure. Shapiro Decl., ¶ 4. Nonetheless, Plaintiff is providing notice to Defendant of this application for default judgment by service on defendant of this application.

**B. Entry Of A Default Judgment And Permanent Injunction Does Not Require A Formal Hearing**

A formal court hearing is not required for entry of a default judgment in the present proceeding. Instead, Plaintiff may submit its evidence in the form of declarations or affidavits, and the Court may base its judgment entirely on the affidavits or declaration submitted. Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cir. 1981). See also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993) ("The Federal Rules of Civil Procedure [Rule 55(b)], contrary to the reading the appellant would ascribe, does not require an evidentiary hearing…. The rule explicitly grants the district court wide latitude.")

Here, Plaintiff's evidence has been submitted through both the attached declaration of Plaintiff's counsel and the prior declaration of Plaintiff's counsel in support of Plaintiff's request for

entry of default. Accordingly, no hearing is required for the court to enter this default judgment.

### III. CONCLUSION

Plaintiff has established its entitlement to entry of Default Judgment and Permanent Injunction. Plaintiff has fully complied with all requirements of the Federal Rules of Civil Procedure, and Defendants have failed to appear before the Court. No hearing is required in this case, as Plaintiff has submitted its evidence through declarations of Plaintiff's counsel. Therefore, Plaintiff respectfully requests that the Court terminate this case, without a formal court hearing, with a "Default Judgment and Permanent Injunction" in the form Plaintiff has proposed.

DATED: September 25, 2007

Respectfully submitted,

TOWNSEND AND TOWNSEND AND TOWNSEND LLP

By: _____
Paul W. Vapnek
Mary L. Shapiro
Marie C. Seibel

*Attorneys for Plaintiff*
JOSEPH CAMPBELL FOUNDATION

60098973_1